| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

| | | |
|---|---|---|
| JOSHUA MCCOY, | § § | |
| Plaintiff, | § § | |
| v. | § § | CA 4:15-CV-02286 |
| ENERGY XXXI GOM, LLC, *et al.*, | § § | |
| Defendants | § § | |

# First Amended Complaint

Plaintiff Joshua McCoy has brought this civil lawsuit against the defendants for personal injuries he sustained on a fixed platform offshore Gulf of Mexico.

## Parties

1. Energy XXI GOM, LLC has been served and has answered.

2. Wood Group PSN, Inc. was initially named as Wood Group USA, Inc. In accordance with Wood Group's request, Mr. McCoy instead names Wood Group PSN, Inc. Wood Group has been served and has answered.

3. Flow Petroleum Services, Inc. may be served through its registered agent Bart J. Theriot; 4530 W. 34th, Ste B; Houston, Texas 77092; 209 Marcon Drive; Lafayette, Louisiana 70507; or wherever else he or the company may be found.

## Jurisdiction & Venue

4. This Court has jurisdiction over this matter under the Outer Continental Shelf Lands Act 43 U.S.C. § 1331 *et seq*. and/or general maritime law.

**Background**

5.      On May 27, 2015, Joshua McCoy was working as a mechanic's helper for Precision Engineering on an offshore platform owned by Energy XXI.  The platform was operated by Flow Petroleum Services and/or Wood Group.

6.      Mr. McCoy was directed by Energy XXI and/or the platform operators to purge a crane tank and/or take a fluid sample from the tank.

7.      To access the crane tank, Mr. McCoy had to utilize what the defendants would later characterize as a "hatch cover."  The "hatch cover" was actually a large and irregularly shaped segment of heavy and unsecured grating that served as flooring/decking, and because of the design and configuration of the platform, it had to be moved to access the work area where this supposedly routine maintenance was to be performed.

8.      The crane tank had evidently not been purged for an extended period of time, if ever.  Because of its poor condition and configuration and design, the crane tank could only be purged and/or sampled through a metal plug that in its condition could only be freed with difficultly using a large wrench and by removing the aforementioned grating.

9.      While Mr. McCoy was performing the job, the grating fell on his shoulders and then his foot, causing severe injuries.

10.     Following the initial Incident, the defendants failed to provide Mr. McCoy with timely and appropriate medical attention and evacuation back to shore.  Specifically, Energy XXI and/or Flow Petroleum waited until the next day, then decided that the appropriate way for Mr. McCoy and his severely injured foot to get home would be to swing, via Tarzan-style rope, from a deck on the platform to the deck of a heaving crew boat.  Both personnel basket transfer and helicopter means of travel were available.  Mr. McCoy's injury was exacerbated as result.

11. As a result of the Incidents, Mr. McCoy's foot was broken and he was unable to work for a significant period of time. An orthopedic surgeon recently diagnosed Mr. McCoy with 17% foot and ankle impairment, 12% lower extremity impairment, and 5% whole person impairment. He has to wear a specially made orthotic indefinitely.

**Claims**

12. Mr. McCoy was injured by Energy XXI's negligence and torts and delicts including:

- Failure to maintain and/or provide a safe work area

- Failure to properly maintain and make safe the tank and/or grating and/or "hatch"

- Failure to have a ball valve, plumbing, hatch, or other means of reasonable, customary, and safe access despite having voluntarily undertaken to install, utilize, and/or ensure such equipment was being utilized elsewhere

- Defects in the original design and manufacture and configuration of the platform including the "hatch"/grating, plug, and crane tank

- Failure to warn of dangerous conditions and failure to provide proper warnings and instructions

- Failure to properly secure and maintain equipment necessary to perform the work safely, and/or failure to supply adequate personnel to accomplish the task safely

- Failure to properly respond to the incident, failure to have a proper emergency response and evacuation procedure and/or failure to provide proper emergency response and evacuation, including providing immediate and/or timely care and evacuation, and failure to utilize a helicopter or personnel basket

- Failure to implement and/or follow safety policies and procedures voluntarily undertaken

- Negligent hiring and supervision of Mr. McCoy, his employer, safety personnel present, and whoever else was involved in maintaining the vessel and rendering it safe to work

- Other acts or omissions deemed negligent or delictual

13. Energy XXI is liable because it owed Plaintiff a duty to exercise ordinary care, and its negligence proximately caused Plaintiff's injuries. Energy XXI is also liable under Louisiana law including Louisiana Civil Code Arts. 2315, 2317, 2317.1, 2320, and/or 2322.

14. Mr. McCoy was injured by the negligence and torts and delicts of operators Wood Group and Flow Petroleum Services including:

- Failure to maintain and/or provide a safe work area

- Failure to properly maintain and make safe the tank and/or grating and/or "hatch"

- Failure to have a ball valve, plumbing, hatch, or other means of reasonable, customary, and safe access despite having voluntarily undertaken to install, utilize, and/or ensure such equipment was being utilized elsewhere

- Failure to warn of dangerous conditions and failure to provide proper warnings and instructions

- Failure to properly secure and maintain equipment necessary to perform the work safely, and/or failure to supply adequate personnel to accomplish the task safely

- Failure to properly respond to the incident, failure to have a proper emergency response and evacuation procedure and/or failure to provide proper emergency response and evacuation, including providing immediate and/or timely care and evacuation, and failure to utilize a helicopter or personnel basket

- Failure to implement and/or follow safety policies and procedures voluntarily undertaken

- Negligent hiring and supervision of Mr. McCoy, his employer, safety personnel present, and whoever else was involved in maintaining the vessel and rendering it safe to work

- Failing to conduct a job safety analysis and safety meetings as required and/or voluntarily undertaken

- Other acts deemed negligent and/or delictual

15. Wood Group and Flow Petroleum Services are liable because they owed Plaintiff a duty to exercise ordinary care, and its negligence proximately caused Plaintiff's injuries. They are

also liable under Louisiana law including Louisiana Civil Code Arts. 2315, 2317, 2317.1, 2320, and/or 2322.

## Damages

16. Plaintiff seeks damages within the jurisdictional limits of this Court including:

- Compensatory damages
- Actual damages
- Consequential damages
- Lost future income
- Lost past income
- Past medical care
- Future medical care
- Past pain and suffering
- Future pain and suffering
- Past mental anguish and emotional distress
- Future mental anguish and emotional distress
- Past impairment
- Future impairment
- Past disfigurement
- Future disfigurement
- Past loss of household services
- Future loss of household services
- Interest on damages (pre- and post-judgment)
- Court costs

- Exemplary damages

- Other relief as the Court may deem just and proper

## Conditions Precedent

17. All conditions precedent have been performed or have occurred.

## Jury Demand

18. Mr. McCoy requests that his case be tried to a jury.

## Prayer

19. Mr. McCoy prays that he will be entitled to discover relevant facts through the means prescribed by law; have his case heard by a jury of his peers; and, if the jury finds in his favor, have judgment entered on his behalf. Mr. McCoy further prays that he will be granted all other just relief.

MORROW & SHEPPARD LLP

*/s Nicholas A. Morrow*
Nicholas A. Morrow
Attorney-In-Charge for Plaintiff
State Bar No. 24051088
Federal ID No. 611443
nmorrow@morrowsheppard.com
msfiling@morrowsheppard.com
3701 Kirby Dr, Ste 840
Houston, TX 77098
Telephone:   (713) 489-1206
Facsimile:     (713) 893-8370

Of Counsel:

John D. Sheppard (Morrow & Sheppard LLP)
State Bar No. 24051331
jsheppard@morrowsheppard.com

- 7 -

**Certificate of Service**

This was served electronically on counsel for Wood Group and Energy XXI the day it was filed on November 30, 2015.